```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| **RELATIONAL, LLC, an Illinois Limited Liability Company,**<br><br>          **Plaintiff,**<br><br>      **v.**<br><br>**TDMK, LLC, a Florida Limited Liability Company; QUORUM BUSINESS NETWORK, LLC, a Florida Limited Liability Company; and KEITH R. St. CLAIR,**<br><br>          **Defendants.** | **Case No. 07 C 4449**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

Relational, LLC (hereinafter, "Relational") filed suit against the three above-named Defendants on August 8, 2007, seeking to recover amounts due under an equipment lease agreement and its related guarantees. Defendant TDMK, LLC (hereinafter, "TDMK") was defaulted on February 26, 2008 for its failure to answer or appear. Quorum Business Network, LLC (hereinafter, "Quorum") was administratively dissolved by the Florida Secretary of State and was not served. Only Defendant Keith St. Clair (hereinafter, "St. Clair") has appeared and filed an answer. He now seeks to have the case transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the Motion to Transfer Venue is **denied**.

## I. BACKGROUND

According to the complaint, Relational entered into an equipment lease agreement with TDMK in March 2006, under which TDMK agreed to make rental payments to Relational for various equipment, the description and rental rate of which were set out on future supplemental schedules. In order to induce Relational to enter into the lease, Keith St. Clair and Quorum Business Network, LLC ("Quorum") guaranteed the obligations of TDMK. As additional security, TDMK also granted Relational a first priority security interest in the accounts receivable of TDMK and of Quorum, TDMK's operating entity. Relational alleges that TDMK defaulted on or about July 18, 2007 by failing to make the required payments, and after making demand upon TDMK, Quorum, and St. Clair for the amounts due and owing, Relational filed this action. Count I of the Complaint alleges breach of contract against all Defendants and seeks the accelerated balance of rental payments, plus costs, late charges, expenses, and attorney's fees. Count II seeks a constructive trust over the accounts receivable of TDMK and Quorum.

TDMK and Quorum are both Florida limited liability companies whose members are residents of Florida. The individual guarantor, Keith St. Clair, is also a resident of Florida. None of the Defendants are residents of Illinois or do any business in Illinois. All of the equipment which is subject to the lease is

located in Florida. It also appears that the negotiation and execution of the lease in question took place in Florida.

Relational is an Illinois limited liability company whose sole member has its principal place of business in Illinois. The master lease calls for payment of rent at Relational's Illinois address, and specifies that the lessee's obligation to pay is "absolute and unconditional" and is not subject to any abatement, reduction, defense, counterclaim, set-off, or recoupment against lessor or any other person or entity. The lease further states that it will be governed by Illinois law and that any suit arising out of the agreement will be commenced exclusively in a state or federal court in Illinois. The guarantee executed by St. Clair also is governed by Illinois law, requires payment at Relational's Illinois office, and provides that any action or proceeding thereunder may be brought in any federal or state court in Illinois.

## II. **ANALYSIS**

Transfer is appropriate under 28 U.S.C. § 1404(a) when the movant establishes that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) transfer of the case will serve the convenience of the parties and witnesses as well as the interests of justice. *See Allied Van Lines, Inc. v. Aaron Transfer and Storage, Inc.*, 200 F.Supp.2d 941, 946 (N.D. Ill. 2002). Because transfer under § 1404(a) should not be permitted merely to shift the inconvenience

from one party to another, *see Fink v. Declassis*, 738 F.Supp. 1195, 1998 (N.D. Ill. 1990), the moving party bears the burden of demonstrating that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). In this case, both parties agree that venue is proper in both the Northern District of Illinois and the Southern District of Florida. Therefore, the Court only needs to address the third factor: the convenience of the parties and witnesses and the interests of justice.

**A. The Convenience of the Parties and Witnesses**

In weighing the convenience of the parties and witnesses, the Court considers: (1) the Plaintiff's choice of forum; (2) the site of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties. *See Allied Van Lines*, 200 F.Supp.2d at 946. However, where the parties have contractually agreed to a chosen forum (and St. Clair did at least agree in his guarantee that an action *may* be brought in Illinois), the movant is precluded from arguing for transfer based on his own personal inconvenience. *See IFC Credit Corp. v. Aliano Bros. General Contractors*, Inc., 437 F.3d 606, 613 (7th Cir. 2006).

The remaining considerations are decidedly ambivalent. Although Plaintiff's choice of forum is usually entitled to considerable weight where it is also the venue designated by

contract, *see American Roller Co., LLC v. Foster Adams Leasing, LLP*, 421 F.Supp.2d 1109, 1114 (N.D. Ill. 2006), the relatively minimal connection of the forum to this case reduces the weight of that presumption. *See Chicago, R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). The material events are split between the jurisdictions, with negotiation and execution of the lease occurring in Florida, but the breach occurring in Illinois, when Defendant failed to remit the required rental payments to Plaintiff's Illinois address. *See Fink*, 738 F.Supp. at 1197. Access to the proof necessary in this case may favor venue in Illinois since this is where Plaintiff's records regarding payments are located, but production and transfer of such records is unlikely to be burdensome in either district. Finally, neither party demonstrates concrete evidence of inconvenience to witnesses. The potential record-keeping witnesses identified by Plaintiff appear to be employees of Relational whose inconvenience is entitled to little weight. *See Allied Van Lines*, 200 F.Supp.2d at 946. Defendant, for his part, forfeits his claims of witness inconvenience by failing to specifically identify any witnesses or the general relevance of their testimony. *See American Roller*, 421 F.Supp.2d at 1115. Consideration of all these factors does little to advance Defendant's claim of inconvenience.

## B. The Interests of Justice

In ruling on a motion to transfer, the Court's consideration of the interests of justice is often most compelling and most determinative. *See Coffey*, 796 F.2d at 220-21. In weighing the interests of justice, the Court considers, among other things: (1) accessibility to sources of proof; (2) the court's familiarity with the applicable law; (3) the relation of the community to the occurrence at issue; (4) the speed at which the case will proceed to trial; and (5) the availability of compulsory process for the attendance of unwilling witnesses. *See Alliance General Ins. Co. v. Deutsch, Kerrigan & Stiles, L.L.P.*, 1999 WL 637205, at *2-3 (N.D. Ill. Aug. 16, 1999).

As stated above, the Court does not foresee any difficulty in producing the relevant records of proof in either forum. This Court is, however, probably more familiar than the Southern District of Florida with Illinois law, which the lease and guarantees specify will govern any disputes arising out of the contracts. Additionally, although the execution of the contracts took place in Florida and the equipment at issue still remains there, Illinois has a strong interest of its own in ensuring that its resident businesses receive the benefit of the bargains they have negotiated - including the benefit of a forum selection clause. *See Lancelot Investors Fund, L.P. v. TSM Holdings, Ltd.*, 2007 WL 3120011, at *4 (N.D. Ill. Oct. 24, 2007).

Therefore, Defendant's strongest arguments, and the real heart of this motion to transfer, revolve around Defendant's claims that a court in the Southern District of Florida could resolve this case more expeditiously and completely. Were the case to proceed to trial, Defendant identifies a significant disparity in time to resolution, with the Southern District of Florida likely to resolve the case in 17.9 months, compared to the 29.7 months it typically takes the Northern District of Illinois. However, if this case is resolved instead on summary judgment, which seems likely, the difference in time will be negligible. Indeed, given this Court's familiarity with the complaint, the prior case history, and the applicable law, this Court is likely in the best position to bring this case to a speedy disposition, even if the action does proceed to trial.

Defendant also fails to convince the Court that complete resolution of this matter requires it to be venued in the Southern District of Florida. To the extent Defendant argues that there are necessary and unwilling witnesses who are beyond the reach of this Court's compulsory process power, his claim must be denied for its failure to go beyond vague generalizations and specify the witnesses and testimony expected. *See Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). To the extent Defendant instead believes that there are third parties outside the jurisdiction of this Court who are necessary to the

complete resolution of this case (namely, the landlord who is currently holding the equipment), his motion lacks an adequate explanation of why such third parties are necessary or appropriate. Under the terms of the lease, TDMK's obligation to pay the rental payments was absolute and unconditional, and was not subject to any abatement, reduction, defense, counterclaim, set-off, or recoupment against lessor or any third party. Nor is the landlord's inclusion necessary to provide Plaintiff relief, since Plaintiff seeks only the rental money owed under the lease and guarantee, not a return of the equipment. Finally, to the extent Defendant believes the landlord or any other third party might be liable for indemnity or contribution, it is not apparent to the Court how St. Clair has standing to exact liability against said third parties. Nor does St. Clair provide sufficient description of his relationship with such third parties or the potential claims against them. In light of the above, the Court simply cannot conclude that there are further issues in controversy which only the Southern District of Florida can resolve.

Finding no other impediments to resolution by this Court, and given this Court's familiarity with applicable law and its expectation that it can provide disposition of this case in a timely and expeditious manner, the public interest would seem to favor continued venue in the Northern District of Illinois. At the very least, the considerations supporting transfer to the Southern

District of Florida are not so persuasive as to demonstrate that transfer would be "clearly more convenient." *Coffey*, 796 F.2d at 293.

### III. <u>CONCLUSION</u>

Upon consideration of the convenience of the parties and witnesses and the interests of justice, the Court does not find that transfer to the Southern District of Florida would be appropriate. Defendant's Motion to Transfer Venue is **denied**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　United States District Court

**DATE:** July 7, 2008